**GALLOWAY, Plaintiff, v. COLUMBUS-BROAD CORPORATION, d. b. a. BROAD-LINCOLN HOTEL, Defendant.**

Common Pleas Court, Franklin County.

No. 190207. Decided December 29, 1954.

David Clayman, Samuel L. Zuravsky, for plaintiff.
Hamilton & Kramer, for defendant.

### OPINION

By BARTLETT, J.

Application to reconsider the Court's Previous ruling is OVERRULED, wherein the Court sustained the motion of plaintiff for leave to file an amended petition on certain conditions.

Counsel for defendant urge that the instant case does not present a situation where plaintiff's rights "are entirely subject to the frailties of the pleader in drawing his complaint," since there is no "omission" to state essential facts, which may be supplied by an amended petition.

The frailties of the pleader may involve overstatement as well as **under**statement. (Emphasis ours.)

In the case of **Davies v. Columbia Gas and Electric Corp., 51 Abs 372,** the plaintiff asks leave to file an amended petition, after a demurrer had been sustained to the original petition, and the Trial Court of this county refused the request, stating as follows:

"Plaintiff advances the claim that the petition can be so amended as to state facts sufficient to constitute a cause of action as a class suit.

"The court has held that the action as pleaded is an attempt to bring in the form of a class suit separate causes of action for damages which is not proper, and no change in the pleadings can avoid this rule." p. 377, Davies case, supra.

In other words, this trial court placed its refusal to permit the amended petition to be filed in the Davies case on the fact the plaintiff had over-pleaded the facts in his original petition, a defect which could not be remedied by an amended petition.

The Court of Appeals reversed this ruling in the Davies case, supra, stating on p. 377 of its **per curiam** opinion:

"In denying the plaintiff the right to remedy the defect by filing an amended petition, the court in effect is denying the plaintiff his day in court. In the exercise of a sound discretion the trial court should grant to plaintiff an opportunity to properly state a cause of action."

Counsel for defendant beg the question, when they state "here are all the facts properly before the Court."

Counsel, also state, "If the facts are as the plaintiff swears them to be, the trial court, as a matter of law, must sustain a motion for a directed verdict at the close of the plaintiff's case." Let this be conceded it proves nothing.

We have counsel for the plaintiff representing to the Court that they believe they can offer an amended petition in good faith that will properly state a cause of action, and our Court of Appeals in the Davies case says the trial court in the exercise of a sound discretion should grant plaintiff that "opportunity."

In the case of **Ellis v. Victor Electric Products, Inc., 85 Oh Ap 170,**

the Court of Appeals of Hamilton County held it should be "clear that all of the facts stated **and expected** to be proved by plaintiff do not constitute a cause of action." Counsel for plaintiff offer to plead facts different from the original petition.

Also in the Davies case, supra, our Court of Appeals on p. 377, said:

"If the plaintiff tenders an amended petition **in good faith** in which the defect in the original petition has been remedied * * * the trial court in the exercise of a sound discretion should permit the amended petition to be filed." (Emphasis ours.)

This Court is not inclined to impugn the good faith of counsel for the plaintiff who represent they believe they can present an amended petition that remedies the defect of their original petition. That is their problem.

Motion to reconsider overruled. Entry accordingly with exceptions by counsel for defendant.